Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391

Attorneys for Plaintiff
INTERNATIONAL DIAMOND IMPORTERS, INC. d/b/a I.D.I. DESIGN and MEIRA T
DESIGNS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL DIAMOND IMPORTERS, INC. d/b/a I.D.I. DESIGN and MEIRA T DESIGNS<br>*Plaintiff*<br><br>v.<br><br>SUPER BELL JEWELRY CO., INC.<br>*Defendant* | CIVIL ACTION NO. 1:15-cv-10087<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

International Diamond Importers, Inc. d/b/a I.D.I. Design and Meira T Designs ("IDI" or

"Plaintiff"), a New York corporation, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.       This is a civil action for: copyright infringement of federally registered

copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.; for trade dress

infringement, false designation of origin and unfair competition in violation of Section 43(a) of

the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related state and common

law claims.   Plaintiff seeks injunctive relief, an accounting, compensatory damages and/or

statutory damages, treble damages, attorney's fees and costs, and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

2.       This Court has Federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq. and the Copyright Act, 17 U.S.C. §§ 101 et seq.; pursuant to 28 U.S.C. § 1338(b) as an action arising out of claims for false designation of origin and unfair competition; as well as pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.       Venue is proper, inter alia, pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and has caused damage to Plaintiff in this district.

4.       Personal jurisdiction exists over Defendant because on information and belief, Defendant conducts business in New York and in this judicial district, or otherwise avails itself of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

## THE PARTIES

5.       Plaintiff IDI is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 17 East 48th Street, Suite 401, New York, NY 10017.

6.      Upon information and belief, Defendant Super Bell Jewelry Co., Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 606 South Olive Street, 20th Floor, Los Angeles, California 90014 ("Super Bell" or "Defendant").

7.      Defendant enriched itself by fraudulent and illegal conduct as alleged herein, while Plaintiff suffered enormous financial injury.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Meira T Jewelry Designs

8.      Plaintiff is the designer, manufacturer, distributor and retailer of certain widely-acclaimed and recognized modern jewelry designs, including its signature copyrighted fine jewelry designs incorporating the Meira T Trade Dress (defined below) and sold under the distinctive Meira T trademark ("Meira T Jewelry Designs").

9.      All Meira T Jewelry Designs are comprised of the highest quality materials, such as gold, diamonds, and precious stones, and are manufactured by IDI's expert craftsmen, goldsmiths and artisans.

10.      Plaintiff sells its products through its website, www.meiratdesigns.com, as well as through fine independent jewelry retailers and select upscale department stores worldwide, such as Saks Fifth Avenue, Bloomingdales, Barneys, Harrods and Neiman Marcus, among many others.

11.      While IDI has gained significant common law trademark and other rights in its Meira T trademark and Meira T Jewelry Designs through its use, advertising and promotion, IDI has also protected its valuable rights by filing for and obtaining federal trademark registrations for MEIRA T (U.S. Reg. No. 4,555,105) and MEIRA T (stylized) (U.S. Reg. No. 4,555,107) (collectively hereinafter referred to as the "Meira T Marks"). A true and correct copy

of the certificate of registrations for the Meira T Marks is attached hereto as **Exhibit A**.

12. In addition, IDI also owns both registered and unregistered copyrights in and to the Meira T Jewelry Designs. For example, IDI is the owner of U.S. Copyright Registration Nos. VA 1-862-202, VA 1-839-495, VA 1-900-720, VA 1-890-226, VA 1-874-009, VA 1-948-995, VA 1-949-003, VA 1-890-224, VA 1-874-006, VA 1-949-004, VA 1-949-099, VA 1-949-093, VA 1-949-102 and VA 1-949-097 relating to its collections of Meira T Jewelry Designs (collectively hereinafter referred to as "Meira T Works"). True and correct copies of the relevant certificates of registration for the Meira T Works that are at issue in the instant action, along with the pertinent excerpts of the deposit materials, are attached hereto as **Exhibit B**.

13. Furthermore, the most widely renowned and recognized Meira T Jewelry Designs are the unique and distinctive jewelry designs that feature a disproportionate number of pendants, often of various sizes, on either side and a larger center jewel or piece. The foregoing elements make up IDI's particular trade dress, which has acquired secondary meaning and is defined as: "an off-center asymmetric design comprising a large center jewel or piece with the size and/or quantity of pendants on one side of the center jewel or piece being greater than the other side" (hereinafter referred to as "Meira T Trade Dress"). Examples of the Meira T Trade Dress are attached hereto as **Exhibit C**.

14. The Meira T Trade Dress is comprised of unique elements, which collectively create a distinct commercial impression that is instantly recognizable as originating with IDI. Accordingly, the Meira T Trade Dress is not functional.

15. Since the Meira T Jewelry Designs and Meira T Trade Dress were launched in or about 2007, the Meira T Jewelry Designs and specifically, the Meira T Trade Dress have achieved great success and notoriety, generating over twenty million dollars

($20,000,000) in sales.

16.     The success of the Meira T Jewelry Designs and the Meira T Trade Dress is due in part to Plaintiff's extensive marketing and promotional efforts.  These efforts include advertising and promotion through Plaintiff's website, newspapers, magazines, participation in trade shows and international gift shows (i.e., *JA New York*, *JCK Las Vegas*, *Baselworld - The Watch and Jewellery Show*, *Hong Kong International Jewellery Show*, etc.), in-store appearances, direct mail, electronic mail campaigns, among other efforts.  Plaintiff has expended significant time, money and effort in developing and amassing consumer recognition, awareness and goodwill in, and associated with, the Meira T Trade Dress, Meira T Marks and Meira T Works, which are incorporated in the Meira T Jewelry Designs.

17.     In addition, Plaintiff owes a substantial amount of the success of the Meira T Jewelry Designs and specifically, the Meira T Trade Dress to its consumers, which include many A-list celebrities, models, and the like, and the word-of-mouth buzz that said consumers have generated.  Due to this word-of-mouth buzz and Plaintiff's enormous success, the Meira T Trade Dress has garnered widespread unsolicited international press coverage at the trade and consumer levels.  For example, the Meira T Trade Dress has appeared in *InStyle*, *Lucky Magazine*, *US Weekly*, *Health*, numerous trade magazines, among other publications.

18.     Plaintiff's efforts, the quality of Plaintiff's products, its marketing and promotional efforts, the word-of-mouth buzz generated by retailers, retail buyers, consumers, jewelers, artisans and members of the public, and the unsolicited press coverage, have prominently placed the Meira T Jewelry Designs and specifically, the Meira T Trade Dress in the minds of the public.  Retailers, retail buyers, consumers, jewelers, artisans and members of the public have become familiar with the Meira T Jewelry Designs and specifically, the Meira T

Trade Dress, and have come to recognize the Meira T Trade Dress and associate it solely with IDI's distinctive line of Meira T Jewelry Designs and as an indication of the source of such jewelry.  The Meira T Trade Dress is thus the means by which IDI is known to the public and the trade (*i.e.*, the exclusive source and origin of the Meira T Jewelry Designs that incorporate the Meira T Trade Dress).

19.     Plaintiff and its Meira T Trade Dress and Meira T Marks have acquired a valuable reputation and goodwill among the public as a result of such associations (*i.e.*, acquired distinctiveness or secondary meaning).

20.     IDI has gone to great lengths to protect its interests in and to its Meira T Trade Dress, Meira T Works and Meira T Marks.  Defendant is not, and has never been authorized by IDI or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell any Meira T Jewelry Designs or to use Plaintiff's Meira T Trade Dress, Meira T Works and/or Meira T Marks or any confusingly or substantially similar designs or marks.

### Defendant's Wrongful and Infringing Conduct

21.     In light of Plaintiff's enormous success with its Meira T Jewelry Designs, specifically, the Meira T Trade Dress and Meira T Works, Plaintiff and its Meira T Jewelry Designs have become targets for unscrupulous individuals and entities who wish to take a free ride on the goodwill, reputation and fame Plaintiff has amassed in its Meira T Jewelry Designs, the Meira T Trade Dress, Meira T Works and Meira T Marks.

22.     Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendant's actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling jewelry designs that are confusingly and/or substantially similar

to, identical to, and/or constitute infringement of one or more of Plaintiff's Meira T Works and/or the Meira T Trade Dress (collectively hereinafter referred to as, "Infringing Products") to U.S. retailers, wholesalers and/or consumers through Defendant's exhibition at trade shows, including those within the State of New York – specifically, at a minimum, at *JA New York* in July 2015 and *JA New York Special Delivery* in October 2015, as well as through, upon information and belief, Defendant's website, www.superbelljewelry.com and its online catalog(s). A side-by side comparison of the Meira T Jewelry Designs and the corresponding Infringing Products is attached hereto as **Exhibit D**.

23.     After Plaintiff became aware of Defendant's infringing actions, Plaintiff's counsel sent a cease and desist letter to Defendant on August 26, 2015 ("C&D").   A true and correct copy of the C&D is attached hereto as **Exhibit E**.

24.     Despite having been placed on notice of its infringing actions, Defendant displayed, offered for sale and/or sold additional Infringing Products at *JA New York Special Delivery*, a trade show that was held in New York City October 25, 2015 until October 27, 2015. Plaintiff's counsel notified Defendant's counsel of Defendant's continued infringing actions on October 27, 2015 ("Second Notification").

25.     Although Defendant, through its counsel, has responded to the C&D and Second Notification, it has failed to provide Plaintiff with any records and/or documentation evidencing its purchases and/or sales of the Infringing Products whatsoever.

26.     To date, Plaintiff has been unable to settle this matter with Defendant.

27.     By these dealings in Infringing Products (including, but not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendant has violated Plaintiff's exclusive

rights in its Meira T Works and Meira T Trade Dress, and has used images and/or designs that are confusingly and/or substantially similar to, identical to, and/or constitute infringement of Plaintiff's Meira T Works and Meira T Trade Dress in order to confuse consumers and aid in the promotion and sales of its Infringing Products. Defendant's use and other infringing actions began long after Plaintiff's adoption and use of its Meira T Works and Meira T Trade Dress.

28.     Prior to and contemporaneous with its unlawful actions alleged herein, Defendant had knowledge of Plaintiff's ownership of its Meira T Works and Meira T Trade Dress, and of the extraordinary fame and strength of its Meira T Works and Meira T Trade Dress, and the incalculable goodwill associated therewith, and in bad faith adopted Plaintiff's Meira T Works and Meira T Trade Dress.

29.     Defendant was placed on notice of its infringing actions, yet it continued to engage in such illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff's Meira T Works and Meira T Trade Dress and the Meira T Jewelry Designs.

30.     Defendant's illegal and infringing actions, as alleged herein, will cause confusion, mistake, and deceive consumers, the public, and the trade with respect to the source or origin of Defendant's Infringing Products, and cause consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

31.     Through these actions, Defendant has, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to Plaintiff: infringed Plaintiff's Meira T Works; infringed Plaintiff's Meira T

Trade Dress; engaged in unfair competition; and unfairly and unjustly profited from such activities at Plaintiff's expense.

32.     Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

33.     Plaintiff repeats and re-alleges every allegation set forth in the preceding paragraphs.

34.     IDI is the exclusive owner of the Meira T Works.

35.     Defendant had actual notice of Plaintiff's exclusive rights in and to the Meira T Works.

36.     Defendant did not attempt and failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market Plaintiff's Meira T Jewelry Designs and/or Meira T Works.

37.     Without permission, Defendant knowingly and intentionally reproduced, copied and displayed Plaintiff's Meira T Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale and/or selling Infringing Products which are comprised of designs that are, at a minimum, substantially similar to Plaintiff's Meira T Works.

38.     Defendant's unlawful and willful actions, as alleged herein, constitute infringement of Plaintiff's Meira T Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Meira T Works in violation of 17 U.S.C. § 501(a).

39.     Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief, Plaintiff's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement, and reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION
### (Trade Dress Infringement)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a) and § 1117(a)]

40.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

41.     Plaintiff, as the owner of all common law right, title, and interest in and to the Meira T Trade Dress, has standing to maintain an action for trade dress infringement under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

42.     As a result of Plaintiff's efforts, the distinctive nature and quality of the Meira T Jewelry Designs, its extensive international marketing and promotional efforts, the word-of-mouth buzz generated by its consumers, and the unsolicited press coverage featuring the Meira T Trade Dress, the Meira T Trade Dress, defined as "a distinctive off-center asymmetric design comprising a large center jewel or piece with the size and/or quantity of pendants on one side of the center jewel or piece being greater than the other side", is recognized as emanating from a single source, IDI, and thus, has acquired secondary meaning.

43.     The Meira T Trade Dress is composed of a combination of distinctive elements, which collectively create a unique commercial impression that is instantly associated

exclusively with IDI.  The specific configuration of the Meira T Trade Dress is not necessary for consumers to use and/or wear the Meira T Jewelry Designs or any other jewelry designs generally.  Moreover, there are a plethora of other design elements and/or jewelry designs that are readily available to competitors in the fine jewelry sector.  Accordingly, the Meira T Trade Dress is not functional.

44.     Defendant knowingly and willfully used in commerce product designs that are identical or confusingly similar to the Meira T Trade Dress with the intent to cause confusion, to cause mistake and to deceive the purchasing public to believe, in error, that Defendant's substandard Infringing Products are genuine Meira T Jewelry Designs or related products, and/or that Defendant's Infringing Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff, and/or that Defendant is affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, the Meira T Trade Dress, to Defendant's substantial profit in blatant disregard of Plaintiff's rights.

45.     Defendant's actions have been deliberate and committed with knowledge of Plaintiff's exclusive rights and goodwill in the Meira T Trade Dress, as well as with bad faith and the intent to cause confusion, mistake and deception.

46.     As a direct and proximate consequence of Defendant's unlawful and infringing actions, as alleged herein, Plaintiff has suffered substantial and irreparable injury, loss and damage to its business and to its rights in and to the Meira T Trade Dress and the goodwill associated therewith, for which it has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause substantial and irreparable injury, loss and damage to

11

Plaintiff and its rights in and to the Meira T Trade Dress and the goodwill associated therewith.

47.     Based on Defendant's wrongful and infringing actions, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a) and § 1117(a)]**

48.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.     Plaintiff, as the owner of all common law right, title, and interest in and to the Meira T Trade Dress, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

50.      Plaintiff's Meira T Trade Dress is inherently distinctive and/or has acquired distinctiveness.

51.     Defendant knowingly and willfully used in commerce product designs that are identical or confusingly or substantially similar to and constitute a reproduction of Plaintiff's Meira T Trade Dress and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, and/or sale of Infringing Products with the intent to cause confusion, to cause

mistake and to deceive the purchasing public to believe, in error, that Defendant's substandard Infringing Products are genuine Meira T Jewelry Designs or related products, and/or that Defendant's Infringing Products are authorized, sponsored, approved endorsed or licensed by Plaintiff, and/or that Defendant is affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, Plaintiff's Meira T Trade Dress, to Defendant's substantial profit in blatant disregard of Plaintiff's rights.

52.     By manufacturing, importing, exporting and/or assisting and encouraging third parties to manufacture, import, export and by themselves advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products, that are identical to, confusingly similar to or colorable imitations of Plaintiff's Meira T Jewelry Designs using designs that are identical and/or confusingly or substantially similar to, or which constitute colorable imitations of Plaintiff's Meira T Trade Dress and Meira T Works, Defendant has traded off the extensive goodwill of Plaintiff and its Meira T Jewelry Designs to induce and did induce, and intends and will continue to induce customers to purchase its Infringing Products, thereby directly and unfairly competing with Plaintiff.  Such actions have permitted, and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff which it has amassed through its marketing, advertising, sales and consumer recognition.

53.     Defendant knew or, by the exercise of reasonable care, should have known, that its adoption and commencement of and continuing use in commerce of designs that are identical or confusingly and substantially similar to and constitute a reproduction of

Plaintiff's Meira T Trade Dress and Meira T Works would cause confusion, mistake, or deception among purchasers, users the public and the trade.

54.     On information and belief, Defendant's aforementioned wrongful actions have been  knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the trade and the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff, its Meira T Jewelry Designs and its Meira T Trade Dress.

55.     As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Meira T Jewelry Designs and by depriving Plaintiff of the value of its Meira T Trade Dress as a commercial asset, for which it has no adequate remedy at law, and unless immediately restrained, Defendant will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Plaintiff's Meira T Trade Dress in an amount as yet unknown, but to be determined at trial.

56.     Based on Defendant's wrongful actions, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices)
### [N.Y. Gen. Bus. Law § 349]

57.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58.     Through Defendant's unlawful, unauthorized, and unlicensed use of Plaintiff's Meira T Trade Dress and Meira T Works in order to manufacture, import, export,

advertise, market, promote, distribute, display, retail, offer for sale, sell and/or otherwise deal in Infringing Products which are identical and/or confusingly similar to Plaintiff's Meira T Jewelry Designs, Defendant has engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

59.     Defendant's aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead the consuming public and has injured, and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen, Bus. Law § 349.

60.     As a result of Defendant's actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which it has no adequate remedy at law.

61.     Pursuant to N.Y. Gen. Bus. Law. § 349(h), Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorney's fees.

## FIFTH CAUSE OF ACTION
### (False Advertising)
### [N.Y. Gen. Bus. Law § 350]

62.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63.     Without the authorization of Plaintiff, Defendant has used Plaintiff's Meira T Trade Dress and Meira T Works and/or artwork and/or designs that are identical and/or confusingly or substantially similar to Plaintiff's Meira T Trade Dress and Meira T Works to manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, sell and/or otherwise deal in Infringing Products, which are identical and/or confusingly similar

to Plaintiff's Meira T Jewelry Designs, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

64.     Defendant's aforementioned willful and intentional actions constitute false advertising in the conduct of any business, trade or commerce and have injured, and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen, Bus. Law § 350.

65.     As a result of Defendant's actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which it has no adequate remedy at law.

66.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorney's fees.

### SIXTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

67.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

68.     By manufacturing, importing, exporting and/or assisting and encouraging third parties to manufacture, import, export and/or by themselves advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products, Defendant has traded off the extensive goodwill of Plaintiff and its Meira T Jewelry Designs to induce and did induce, and intends and will continue to induce customers to purchase its Infringing Products, thereby directly competing with Plaintiff.  Such actions have permitted, and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff which it has amassed through its international marketing, advertising, sales and consumer recognition.

16

69.     Defendant's advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion, cause mistake and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

70.     Defendant knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products would cause confusion, cause mistake or deceive purchasers, users and the public.

71.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff and its competitive position while benefiting Defendant.

72.     As a direct and proximate result of Defendant's aforementioned wrongful actions, Plaintiff has been, and will continue to be, deprived of substantial sales of its Meira T Jewelry Designs in an amount as yet unknown but to be determined at trial, and has been, and will continue to be deprived of the value of Meira T Trade Dress as a commercial asset, in an amount as yet unknown but to be determined at trial.

73.     Plaintiff has no adequate remedy at law for Defendant's continuing violation of its rights set forth above.   Plaintiff seeks injunctive relief, an order granting Plaintiff's damages and Defendant's profits stemming from its infringing activity, and exemplary

17

or punitive damages for Defendant's intentional misconduct.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

74.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

75.     By virtue of the egregious and illegal actions of Defendant as alleged herein, Defendant has been unjustly enriched in an amount to proven at trial.

76.     Defendant's retention of monies gained through its deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of Plaintiff's Meira T Works under 17 U.S.C. § 501(a);

B.     In the alternative to Plaintiff's actual damages and Defendant's profits for copyright infringement of Plaintiff's Meira T Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

C.     For an award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for trade dress infringement under 15 U.S.C. §1125(a);

18

D.      For an award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law. § 349(h);

F.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

G.      For an award of damages to be proven at trial for common law unfair competition;

H.      For an award of damages in an amount to be proven at trial for unjust enrichment;

I.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

      i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products;

      ii.  directly or indirectly infringing in any manner any of Plaintiff's copyrights, trademarks or other exclusive rights (whether now in existence or hereafter created) including, without limitation Meira T Marks, Meira T Trade Dress or Meira T Works;

      iii. using any reproduction, counterfeit, copy or colorable imitation of

Plaintiff's copyrights, trademarks or other exclusive rights (whether now in existence or hereafter created) including, without limitation Plaintiff's Meira T Marks, Meira T Trade Dress and Meira T Works to identify any goods or services not authorized by IDI;

iv. using any of Plaintiff's copyrights, trademarks or other exclusive rights (whether now in existence or hereafter created) including, without limitation Plaintiff's Meira T Marks, Meira T Trade Dress and Meira T Works, or any other marks, designs or artwork that are confusingly or substantially similar to Plaintiff's Meira T Marks, Meira T Trade Dress and Meira T Works on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, retailed, offered for sale, or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, retailed, offered for sale, or sold by Defendant and Defendant's commercial activities by Plaintiff;

vi.   engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising and/or dealing in any Infringing Products;

vii.   engaging in any other actions that constitute unfair competition with Plaintiff;

viii.   engaging in any other act in derogation of Plaintiff's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xi.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

J.   For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's copyrights, trademarks or other exclusive rights including,

without limitation Meira T Marks, Meira T Trade Dress or Meira T Works, or bear any marks or artwork that are confusingly or substantially similar to Plaintiff's Meira T Marks, Meira T Trade Dress and/or Meira T Works;

K.     For an order of the court requiring that Defendant deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of Plaintiff's copyrights, trademarks or other exclusive rights including, without limitation Meira T Marks, Meira T Trade Dress or Meira T Works, or bear any marks, designs or artwork that are confusingly or substantially similar to Plaintiff's Meira T Marks, Meira T Trade Dress and/or Meira T Works pursuant to 15 U.S.C. § 1118;

L.     For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

M.     For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to Plaintiff;

N.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

O.     For Plaintiff's reasonable attorney's fees;

P.     For all costs of suit; and

Q.      For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims.

Dated: December 29, 2015                    Respectfully submitted,

                                            **EPSTEIN DRANGEL LLP**

                                            BY: _Kerry B. Brownlee_
                                            Kerry B. Brownlee (KB 0823)
                                            kbrownlee@ipcounselors.com
                                            Jason M. Drangel (JD 7204)
                                            jdrangel@ipcounselors.com
                                            Ashly E. Sands (AS 7715)
                                            asands@ipcounselors.com
                                            60 East 42nd Street, Suite 2520
                                            New York, NY 10165
                                            Telephone:     (212) 292-5390
                                            Facsimile:     (212) 292-5391

                                            *Attorneys for Plaintiff*
                                            *INTERNATIONAL DIAMOND IMPORTERS, INC*
                                            *d/b/a I.D.I. DESIGN and MEIRA T DESIGNS*